**WO**                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,       ) | No. CV 08-2214-PHX-GMS (MHB) |
|                                 ) | |
| Plaintiff,                      ) | No. CR 08-682-PHX-GMS |
|                                 ) | |
| v.                              ) | **ORDER** |
|                                 ) | |
| Maria Pena-Nunez,               ) | |
|                                 ) | |
| Defendant/Movant.               ) | |
|                                 ) | |

Movant Maria Pena-Nunez, who is confined in the Corrections Corporation of America facility in Florence, Arizona, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. On December 10, 2008, the Court dismissed the Motion with leave to amend. On December 24, 2008, Movant filed an Amended Motion (Doc. #4 in CV 08-2214). The Court will summarily dismiss the Amended Motion.

**I.    Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Illegal Re-Entry After Deportation, in violation of 8 U.S.C. § 1326. On September 15, 2008, the Court sentenced Movant to a 13-month term of imprisonment followed by 3 years on supervised release.

Movant seeks a reduction of her sentence. She argues that her rights are being violated because as a deportable alien, she is ineligible for a one-year sentence reduction

1  for attending a drug treatment program during incarceration and for early release to a
2  half-way house.

3  **II.   Summary Dismissal**

4  A district court must summarily dismiss a § 2255 application "[i]f it plainly
5  appears from the motion, any attached exhibits, and the record of prior proceedings that
6  the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255
7  Proceedings for the United States District Courts.  When this standard is satisfied, neither
8  a hearing nor a response from the government is required.  See Marrow v. United States,
9  772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir.
10 1982).

11 In this case, the record shows that summary dismissal under Rule 4(b) is warranted
12 because Movant has waived the right to bring a § 2255 motion.[1]

13 **III.  Waiver**

14 Movant has waived challenges to her sentence.  The Ninth Circuit Court of
15 Appeals has found that there are "strict standards for waiver of constitutional rights."
16 United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is
17 impermissible to presume waiver from a silent record, and the Court must indulge every
18 reasonable presumption against waiver of fundamental constitutional rights.  United
19 States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver
20 was clear, express, and unequivocal.

21 Plea agreements are contractual in nature, and their plain language will generally
22 be enforced if the agreement is clear and unambiguous on its face.  United States v.
23 Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory
24 right to bring a § 2255 action challenging the length of her sentence.  United States v.
25 Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014
26 (9th Cir. 1992).  The only claims that cannot be waived are claims that the waiver itself

27
28     [1]In addition, the Ninth Circuit explicitly rejected Movant's equal protection argument in McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

- 2 -

1  was involuntary or that ineffective assistance of counsel rendered the waiver involuntary.
2  See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea
3  agreement that waives the right to file a federal habeas petition pursuant to § 2254 is
4  unenforceable with respect to an ineffective assistance of counsel claim that challenges
5  the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea
6  agreement could waive a claim that counsel erroneously induced a defendant to plead
7  guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining
8  to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the
9  waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of
10  all statutory rights included claims implicating the voluntariness of the waiver).

11  "Collateral attacks based on ineffective assistance of counsel claims that are
12  characterized as falling outside [the category of ineffective assistance of counsel claims
13  challenging the validity of the plea or the waiver] are waivable." United States v.
14  Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States,
15  396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and
16  Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily
17  and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to
18  attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of
19  counsel during sentencing.").

20  As part of her plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. **The defendant further waives:** (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and **(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.  The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case**.

1  (Doc. #20) (emphasis added).  Movant indicated in her plea agreement that she had
2  discussed the terms with her attorney, agreed to the terms and conditions, and entered into
3  the plea voluntarily.  (Doc. #20).

4      Movant's assertions in her amended § 2255 motion all pertain to sentencing and do
5  not pertain to the voluntariness of the waiver.  Movant expressly waived issues regarding
6  the imposition of sentence and expressly waived the right to bring a § 2255 motion.  The
7  Court accepted her plea as voluntarily made.  Consequently, the Court finds that Movant
8  waived the sentencing issues raised in her amended § 2255 motion.  Thus, the Court will
9  summarily dismiss the amended motion.  Accordingly,

10     **IT IS ORDERED** that the Amended Motion to Vacate, Set Aside, or Correct
11 Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #4 in CV 08-2214-PHX-GMS (MHB)) is
12 **denied** and that the civil action opened in connection with this Motion (CV 08-2214-
13 PHX-GMS (MHB)) is **dismissed with prejudice**.  The Clerk of Court must also
14 terminate Doc. # 23 in CR 08-682-PHX-GMS.  The Clerk of Court must enter judgment
15 accordingly.

16     DATED this 2nd day of February, 2009.

*G. Murray Snow*
G. Murray Snow
United States District Judge